DECISION
Appellant, Shawnell Williams, had two shirts cleaned by appellee, Swan Super Cleaners, Inc., but the shirts were damaged. The shirts were valued at $295 and $127.42. Appellant completed a claims form but reimbursement was denied. Appellant filed a complaint in the general division of the Franklin County Municipal Court alleging two counts of breach of contract and two counts of unjust enrichment. Appellant included a jury demand and a request for exemplary damages in the amount of $10,000.
Appellee filed a motion for partial judgment on the pleadings with respect to the request for exemplary damages, arguing that exemplary damages are not recoverable in contract actions. The trial court sustained the motion. Appellee then filed a motion to transfer the action to the small claims division. Four days later, the trial court transferred the action to the small claims division. After a trial conducted by a magistrate, the trial court entered judgment for appellant, in the amount of $418.14 plus interest and costs. The judgment was paid in full and is not an issue in this appeal.
Appellee then filed a motion for attorney fees as sanctions for frivolous conduct pursuant to R.C. 2323.51. The trial court found appellant had engaged in frivolous conduct by including a request for exemplary damages in the prayer for relief and that appellant's litigation strategy was designed merely to harass appellee. In its decision, the trial court quoted from appellee's motion as follows:
 "Plaintiff's assertion of a claim for exemplary damages in a contractual dispute was not warranted under existing Ohio law. Until this matter was properly transferred to the small claims division, plaintiff's litigation strategy served merely to harass Swan by causing a needless increase in the cost of litigation. Because plaintiff engaged in frivolous conduct under R.C. § 2323.51, Swan is entitled to its reasonable attorney's fees incurred until this matter was properly transferred to the small claims division. As documented in the Gelpi Affidavit, these fees totaled $3,052.50. See Gelpi Affidavit, ¶¶ 4-5."
Appellant filed a notice of appeal and raised the following assignments of error:
Assignment of Error No. 1.
 The Trial Court erred in concluding that Appellant engaged in frivolous conduct under R.C. § 2323.51.
Assignment of Error No. 2.
 The Trial Court erred in calculating the reasonable attorney fees Appellee was awarded pertaining to the alleged frivolous conduct.
By the first assignment of error, appellant contends that the trial court erred in concluding that appellant had engaged in frivolous conduct, pursuant to R.C. 2323.51, which provides as follows:
(A) As used in this section:
(1) "Conduct" means any of the following:
 (a) The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action * * *;
* * *
(2) "Frivolous conduct" means either of the following:
 (a) Conduct of an inmate or other party to a civil action * * * that satisfies any of the following:
 (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
 (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
The initial decision as to whether a party's conduct was frivolous involves a factual determination, which is "particularly true if a court must determine if conduct `serves merely to harass or maliciously injure another party to the civil action.'" Lable Co. v. Flowers (1995), 104 Ohio App.3d 227, 233, quoting R.C.2323.51(A)(2)(a). However, a determination by the court that the conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension of existing law requires a legal analysis. Lable Co., supra.
In Wiltberger v. Davis (1996), 110 Ohio App.3d 46,51-52, this court stated, as follows:
 * * * [N]o single standard of review applies in R.C. 2323.51
cases. The inquiry necessarily must be one of mixed questions of fact and law.
 With respect to purely legal issues, we are persuaded by the * * * line of cases which provide for a de novo
standard of review. When an inquiry is purely a question of law, clearly an appellate court need not defer to the judgment of the trial court. However, we do find some degree of deference appropriate in reviewing a trial court's factual determinations; accordingly, we will not disturb a trial court's findings of fact where the record contains competent, credible evidence to support such findings. This standard of review of factual determinations is akin to that employed in a review of the manifest weight of the evidence in civil cases generally, as approved in C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279 * * *.
In this case, appellee argues that appellant should have excluded the claim for exemplary damages and filed the action in the small claims division. Since he did not, appellee was required to retain an attorney and thereby increased its costs. This argument is without merit because there is no requirement in the Ohio Revised Code that appellant file his action in the small claims division merely because it is within the jurisdictional limits. Even if appellant had excluded the claim for exemplary damages, he was permitted to file the action in the general division and appellee would have had to retain an attorney.
Further, R.C. 1925.04(A) provides that commencing an action in the small claims division constitutes a waiver of any right to a trial by jury. Appellant requested a jury trial at the time the complaint was filed and the trial court improperly transferred the case from the general division of the municipal court to the small claims division in light of that request. The trial court also failed to provide appellant time to respond to the motion to transfer, since the motion was granted four days after it was filed.
The trial court also erred in finding that appellant's litigation strategy was designed merely to harass appellee. This finding was based upon the fact that appellant had served requests for admissions, interrogatories, document requests and had noticed three depositions in August 1998; however, appellee served a request for a production of documents and interrogatories in July 1998. The interrogatories requested answers to such questions as appellant's height, weight, dress shirt size and pant size, and the types of exercise programs, including type, frequency and nature of the exercise programs. Given that appellee served such irrelevant discovery requests before appellant served any discovery requests, we find that the trial court erred in finding that appellant's litigation strategy was designed merely to harass appellee. Appellant's first assignment of error is well-taken.
By the second assignment of error, appellant contends that the trial court erred in calculating reasonable attorney fees in its award to appellee. Since we found in the first assignment of error that the trial court erred in finding that appellant engaged in frivolous conduct and attorney fees should not have been awarded, this assignment of error is rendered moot.
For the foregoing reasons, appellant's first assignment of error is sustained and the second assignment of error is overruled as moot. The judgment of the Franklin County Municipal Court is reversed.
Judgment reversed.
LAZARUS and BRYANT, JJ., concur.